

**The following constitutes**
**the order of the court. Signed July 20, 2006**

_Marilyn Morgan_

**Marilyn Morgan**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

**SONICBLUE INCORPORATED,
DIAMOND MULTIMEDIA SYSTEMS,
INC., REPLAYTV, INC., and SENSORY
SCIENCE CORPORATION,**

Debtors.

Cases No. 03-51775, 03-51776,
03-51777, and 03-51778-MM

Chapter 11 cases
Jointly administered

**MEMORANDUM DECISION AND
ORDER ON SIXTH INTERIM
APPLICATION OF PILLSBURY
WINTHROP LLP FOR
COMPENSATION AND EXPENSE
REIMBURSEMENT**

## INTRODUCTION

Before the court is the sixth interim application of Pillsbury Winthrop LLP for compensation and reimbursement of expenses as general bankruptcy counsel for the chapter 11 debtors, SonicBlue Incorporated, Diamond Multimedia Systems, Inc., ReplayTV, Inc., and Sensory Science Corporation. Pursuant to 11 U.S.C. § 330, Pillsbury Winthrop requests approval of professional fees in the amount of $621,623.50 and expense reimbursement of $18,014.59. Having considered the sixth interim application, the report by Stuart, Maue, Mitchell & James, Ltd., the court appointed fee auditor, of its review and analysis of the sixth interim fee application, and the response of Pillsbury Winthrop to the audit report, the court allows interim compensation in the amount of $545,345.60 and expense reimbursement of $18,014.59 and defers ruling on $10,723 in fees.

1

MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

## BACKGROUND

The debtors, which designed and marketed consumer electronic products, commenced these jointly administered chapter 11 cases on March 21, 2003 when they were unable to meet their maturing financial obligations. Pillsbury Winthrop LLP was appointed as counsel for the debtors on April 11, 2003. These are liquidating chapter 11 cases. Projecting that they would exhaust their cash reserves by April 20, 2003, the debtors immediately sought and obtained court approval of the sales by auction of their three primary operating businesses, the Go Video, ReplayTV, and Rio product lines, for more than $40 million.

Following the sale of the three operating business lines, the debtors also sold their modem product line, graphics patents portfolio, computer component inventory, and shares of stock in United Microelectronics Corporation (UMC), which are traded on the Taiwan Stock Market. Substantially all assets of the estates have been liquidated except for avoidance actions. The debtors hold in excess of $75 million in funds, most of which are unencumbered. Secured claims have been paid in full from the proceeds of sale. Unsecured creditors assert claims exceeding $400 million, of which more than $130 million are disputed. More than $392,000 in priority claims and $104 million in unsecured claims were disallowed or withdrawn as a direct result of the applicant's services during this application period. The debtors continue to address disputed claims.

SonicBlue has been engaged in concurrent litigation and settlement negotiations with VIA Technologies and S3 Graphics, a common joint venture, over the breach of the investment agreement creating the joint venture. Both VIA and S3 assert claims in the amount of $70 million for breach of the investment agreement by failing to pay certain accounts payable, offering non-ordinary course discounts to accelerate the collection of receivables, failing to turn over receivables collected on behalf of the joint venture, and failing to contribute certain assets to the joint venture. They also assert that they are entitled to liquidated damages if they are enjoined prospectively from enjoying the rights under a patent license between SonicBlue and Intel Corporation, to which the joint venture is entitled under the investment agreement. SonicBlue asserts that VIA and S3 breached the investment agreement by failing to pay assumed obligations, that VIA breached its fiduciary duty in connection with the operations of the joint venture and the settlement of patent litigation with Intel Corporation, and that S3

aided and abetted the breach of fiduciary duty. It seeks compensatory and punitive damages, equitable subordination of VIA's and S3's claims, restitution, and an accounting. The various claims reportedly involve complex, disputed facts. Pillsbury Winthrop has been particularly active in the litigation during this application period. It responded to VIA's and S3's dismissal motions, exchanged initial disclosures, developed a discovery plan, commenced discovery, and engaged in settlement negotiations.

SonicBlue is also engaged in litigation and settlement negotiations with Intel Corporation concerning the parties' respective rights under the patent license, which grants reciprocal rights to use certain graphics patents in the other's portfolio. Intel seeks to terminate the patent license while the debtor seeks to assume it under § 365.

The debtors are winding down their limited remaining operations and are focusing their efforts on addressing claims and recovering avoidable transfers. During this application period, Pillsbury Winthrop has continued to advise the debtors with respect to their limited remaining operations, including compliance with the requirements of the Securities Exchange Commission, the Corporations Code, and the Bankruptcy Code, maintenance of the debtors' intellectual property, and termination of a 401(k) plan. Two consultants remain employed by the debtors to assist in the liquidation of assets and the administration of the estates.

The Official Committee of Unsecured Creditors is actively participating in and monitoring the cases. Although the debtors have completed a draft of a proposed disclosure statement and plan, in consultation with the Committee, they have suspended those efforts in light of the uncertainty regarding the impact of the sizable claims of VIA Technologies and S3 Graphics on the confirmability of and distributions under a plan. Other strategic issues also affect timing, including the possibility of limiting the damages claims through a confirmed plan and more accurately estimating distributions by fixing the amount of claims.

To date, the court has awarded to Pillsbury Winthrop on an interim basis $2,885,088.58 in fees and $245,589.85 in expense reimbursement and has deferred ruling on $73,687.50 in fees related to the preparation of the plan and disclosure statement. By its sixth interim application, Pillsbury Winthrop requests approval of additional fees in the amount of $621,623.50 incurred between February 1, 2005 and September 30, 2005 and expense reimbursement of $18,014.59.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

## LEGAL DISCUSSION

Section 330 of the Bankruptcy Code provides that the court may award to a trustee, an examiner, or a professional person employed under §§ 327 or 1103 reasonable compensation for actual, necessary services rendered and reimbursement of actual, necessary expenses. In determining the amount of reasonable compensation, the court considers the nature, extent, and value of the professional's services, taking into account all relevant factors, including whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case and whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. 11 U.S.C. § 330(a)(3). The applicant bears the burden of establishing entitlement to an award and demonstrating that the fees are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

### A.    Voluntary Reductions

In this application, Pillsbury Winthrop voluntarily reduced its fees by $6,093.50 for timekeepers whose total billings in the case were less than $1,050. It also voluntarily reduced its request for expense reimbursement by $2,147.42 for word processing, printing, and imaging charges and by $1,017.94 for express courier and messenger services. In response to the audit report by Stuart, Maue, Pillsbury Winthrop has further voluntarily reduced its request for fees by $233.50 for duplicate time entries.

### B.    Compensation for Preparation of Plan and Disclosure Statement is Premature

To establish its entitlement to compensation, counsel must demonstrate that the services were necessary or reasonably likely to benefit the estate at the time they were rendered. In re Mednet, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000). The necessity of the services is dictated in part by the reasonableness of the request in view of the governing law and the probability of success. See Unsecured Creditors' Comm. v. Puget Sound, Plywood, Inc., 924 F.2d 955, 959 (9th Cir. 1991). Counsel further has an obligation to consider the potential for recovery and to balance the effort required against the results that might be achieved. Id. at 961. Within these parameters, the court must examine the circumstances and the manner in which services are performed and the results achieved in order to arrive

at a determination of a reasonable fee allowance. <u>Mednet</u>, 251 B.R. at 108.

As the court has previously indicated, it is premature to determine whether the fees incurred in connection with the preparation of the debtors' plan and disclosure statement are reasonable. The court is unable at this juncture to balance the efforts expended against the results achieved. The debtors, in consultation with the Committee, have determined to suspend activity on the plan and disclosure statement pending further progress in the litigation with VIA Technologies, S3 Graphics, and Intel Corporation and on objections to claims. The court reserves ruling on fees in the amount of $10,723 associated with preparation of the plan and disclosure statement, as well as related requests to extend the exclusivity period, pending further progress toward plan confirmation.

**C.** **Time Devoted to Supplemental Employment Application is Excessive**

When applying for fees, counsel has a duty to exercise good billing discretion. <u>Hensley v. Eckerhart</u>, 461 U.S. at 436. In determining a reasonable fee allowance, the court must consider whether the services were necessary or beneficial at the time they were rendered. <u>Mednet</u>, 251 B.R. at 108. It must also examine the circumstances and the manner in which the services are performed and the results achieved. <u>Id</u>. Hours that are excessive, redundant, or unnecessary in view of the services performed should not be compensated.

The debtors identified in excess of $63 million in transfers to approximately 348 different creditors in the 90 days preceding the commencement of these cases. Since unsecured creditors would be directly affected by the recovery of avoidable transfers, the Committee desired that the estate pursue the avoidance actions on a contingent fee basis. To retain the representation, Pillsbury Winthrop negotiated with the Committee the terms of a contingent fee arrangement whereby Pillsbury Winthrop and Committee counsel would jointly represent the estate in pursuing avoidance actions. Pillsbury Winthrop submitted a supplemental employment application to obtain court approval of the contingent fee arrangement. Finding that the proposed fee structure was excessive, not reasonable, and not competitive with the terms of comparable representation in similar matters, the court declined to approve the terms. Thereafter, the Committee entertained an alternate proposal by other counsel. The court ultimately approved the retention of Pillsbury Winthrop and Levene, Neale, Bender, Rankin &

Brill to prosecute avoidance actions on a contingent fee basis after the original terms were modified to be more aligned with the alternate proposal.

The applicant previously sought court approval of $15,681.50 in fees incurred in connection with negotiating the terms of representation, preparing the supplemental employment application, responding to an objection and to the court's concerns, and restructuring the terms. The court found the fees to be excessive and allowed a total of $4,000. Pillsbury Winthrop now seeks an additional $1,227 incurred during this application period in connection with the supplemental employment application. Having previously allowed $4,000, the court disallows the additional fees in this category, the entries for which are set forth below.

| Date | Time-Keeper | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| | | **Retention of Professionals** | | |
| 02/02/05 | Freeman | Review revised Employment Order on preference actions and transmit to Salvucchi and Smith. | 0.60 | 309.00 |
| 02/04/05 | Houle | Telephone conference with C. Rankin re submission of order on preference employment. | 0.20 | 84.00 |
| 02/09/05 | Freeman | Telephone conference with R. Bender regarding employment order. | 0.20 | 103.00 |
| 02/09/05 | Freeman | Review and revise declaration regarding entry of employment order. | 0.40 | 206.00 |
| 03/02/05 | Barbarosh | Conference call with R. Bender and M. Choi (judge's law clerk) re judge's comments to proposed order. | 0.20 | 105.00 |
| 03/14/05 | Barbarosh | Analysis of supplemental disclosure to be made in support of employment application. | 0.20 | 105.00 |
| 03/16/05 | Barbarosh | Analysis re additional disclosures in support of employment application. | 0.30 | 157.50 |
| 03/25/05 | Barbarosh | Analysis re additional disclosures to be made in support of employment application. | 0.30 | 157.50 |
| | | **TOTAL** | **2.40** | **1,227.00** |

**D.    Time Expended Conducting Research On Automatic Stay Is Excessive**

In exercising good billing discretion, hours that are excessive, redundant or unnecessary should

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**

be excluded from fee applications. To determine whether the hours are excessive, the court considers whether the services were performed within a reasonable amount of time commensurate with the complexity importance, and nature of the problem, issue or task addressed. § 330(a)(3)(D). In the VIA/S3 Litigation project category, timekeeper A.N. Damonte spent 3 hours on August 4, 2005 to conduct "research re: application of automatic stay to counterclaims," incurring $1,005 in fees. Pillsbury Winthrop prides itself in offering the resources and expertise to provide services in a multiplicity of disciplines. However, rather than consult with a colleague in the bankruptcy department, a litigation associate expended an inordinate amount of time researching a rather routine bankruptcy issue. The entry will be reduced by 2.5 hours, reflecting the disallowance of $837.50 in fees for this task.

**E.     Time Devoted to Clerical Services Is Not Compensable by the Estate**

Section 330 contemplates compensation only for professional services. Services that are clerical in nature are properly chargeable to the firm as an overhead expense and not to the bankruptcy estate. Fees for services that are purely clerical, ministerial, or administrative should be disallowed. Missouri v. Jenkins, 491 U.S. 274, 288 fn.10 (1989); Sousa v. Miguel, 32 F.3d 1370, 1374 (9th Cir. 1994). Paragraph 18 of the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the United States Bankruptcy Court, Northern District of California ("Fee Guidelines") expressly provides that time spent performing administrative tasks is not compensable.

Some of the services performed by the applicant, such as downloading files, indexing, locating and retrieving, filing, electronically filing, organizing, forwarding or serving documents, conducting PACER searches, preparing proofs of service, scheduling or calendaring, and filing and serving pleadings are clerical in nature. Similarly, oversight of or supervising any of the foregoing activities is also considered clerical. The application includes several entries by a paralegal to "research" documents and to "finalize" pleadings. While the terms connote activities of a substantive legal nature, a review of these entries in context makes it plain that the services are merely clerical. Use of the term "research" generally refers to locating and retrieving documents while "finalize" appears to refer to preparing pleadings for filing and service after an attorney has already drafted them. The time entries

for services that are clerical in nature total $6,823.40 and are set forth in Exhibit I to the audit report. In addition, the following entries, which total $10,925, are also for clerical services.

| Date | Time-Keeper | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| | | **Case Administration** | | |
| 04/11/05 | Breeden | Correspond with OCC Counsel and Northern District ECF Trainer regarding schedule for training. | 0.70 | 119.00 |
| 04/25/05 | Breeden | Correspond with Marilyn of Northern District Bankruptcy Court regarding software questions related to e-filings. | 0.40 | 68.00 |
| 08/01/05 | Breeden | Research and review documents for TRG Agreement and Patent Order and forward same to M. Houle on expedited basis. | 1.20 | 204.00 |
| 08/02/05 | Breeden | Correspond with M. Heath regarding rush document request for M. Houle. | 0.40 | 68.00 |
| 08/05/05 | Breeden | Research and retrieve pleadings for A. Barron of O'Melveny and Myers on expedited basis. | 0.90 | 153.00 |
| 09/08/05 | Breeden | Correspond with A. Barron of O'Melveny & Myers regarding requested pleadings, locate same and forward request. | 1.20 | 204.00 |
| 09/28/05 | Breeden | PACER search regarding status of Sobrato administrative claim and retrieval of documents supporting same. | 0.90 | 153.00 |
| | | **Subtotal** | **5.70** | **969.00** |
| | | **Claims Administration/Objections** | | |
| 02/03/05 | Breeden | Finalize objection to F. Robin McSurley claim, serve and electronically file with bankruptcy court. | 0.40 | 68.00 |
| 02/18/05 | Breeden | Receive and organize 22 boxes of client documents relating to vendor invoices for 2002 and 2003 payable. | 1.40 | 238.00 |
| 02/23/05 | Walker | Follow-up on document copying for claims review. | 0.10 | 43.00 |
| 04/27/05 | Breeden | Prepare proofs of service, finalize pleadings, serve and e-file notice of motion, motion, stipulation and supporting declaration for order approving stipulation among debtors and U.K. Affiliate. | 1.90 | 323.00 |

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**

| 04/27/05 | Breeden | Finalize notice to motion approving stipulation among debtors and U.K. Affiliate and forward to administar for service on all creditors. | 0.90 | 153.00 |
|---|---|---|---|---|
| 04/28/05 | Walker | Instruct P. Breeden regarding finalization of Dehon and Leagas stipulations. | 0.10 | 43.00 |
| 04/29/05 | Breeden | Assemble exhibits to Stipulation and Order and e-file Stipulation allowing claim of Leagas Delaney and Proposed Order thereon. | 0.80 | 136.00 |
| 05/02/05 | Walker | Confirm removal from court calendar of Merisel claim objection. | 0.20 | 86.00 |
| 05/02/05 | Breeden | Voice message to M. McGowan of U.S. Bankruptcy Court regarding status of settled claim of Merisel and removal from court's calendar. | 0.10 | 17.00 |
| 05/02/05 | Breeden | Finalize stipulation, assemble exhibits and e-file stipulated order and order regarding Dehon, Inc. disputed claims. | 0.80 | 136.00 |
| 05/03/05 | Breeden | Download signed stipulated order for Dehon, Inc. and forward to claims administrator and OCC. | 0.50 | 85.00 |
| 05/05/05 | Breeden | Correspond with servicing agent regarding amended notice and forward same for service. | 0.60 | 102.00 |
| 05/05/05 | Breeden | Conversation with M. McGowan regarding status of Merisel matter still on calendar and report same to M. Walker. | 0.60 | 102.00 |
| 05/16/05 | Breeden | Download and forward conformed copy of Citicapital Technology Claims order to claims administrator and OCC. | 0.30 | 51.00 |
| 05/16/05 | Breeden | Download and forward conformed copy of Citicorp Vendor order to claims administrator and OCC. | 0.30 | 51.00 |
| 05/25/05 | Breeden | Finalize pleadings, assemble exhibits and e-file request for entry of default order and order with bankruptcy court. | 1.10 | 187.00 |
| 05/31/05 | Breeden | Download entered Astra Datentechnick claims order and forward to claims administrator and OCC. | 0.60 | 102.00 |
| 06/03/05 | Breeden | Prepare, mark, and download exhibits to Declaration of M. Houle in support of request for default order regarding DMSL motion, finalize request and order, serve and e-file same. | 3.10 | 527.00 |

9

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**

| 06/08/05 | Breeden | Finalize exhibits and e-file Stipulation to Allow Claims among Debtors, Creditors Committee and Peery/Arrillaga Limiting Claims and Waiving Defense. | 0.90 | 153.00 |
|---|---|---|---|---|
| 06/16/05 | Mayfield | Coordinate transfer of data from one vendor to new vendor for processing. | 0.50 | 82.50 |
| 07/05/05 | Breeden | Research claims database and forward pdf copies of proofs of claims to M. Smith. | 0.80 | 136.00 |
| 08/02/05 | Breeden | Download and forward signed claims order of State Street Bank to Administar. | 0.60 | 102.00 |
| 09/13/05 | Breeden | Download and forward Stipulation between Debtors and Right management Allowing and Disallowing Claims to N. Weil at Administar for processing. | 0.40 | 68.00 |
| 09/15/05 | Breeden | Research, download and forward claims from SonicBlue relating to Tennessee Department of Revenue for M. Walker. | 0.90 | 153.00 |
| | | **Subtotal** | **17.90** | **3,144.50** |
| | | **Compensation of Professionals** | | |
| 03/05/05 | Houle | Draft multiple correspondence to P. Breeden re filing and service of Perisho fee application. | 0.30 | 126.00 |
| 03/09/05 | Breeden | Prepare proof of service for fifth interim fee application of Pillsbury Winthrop, electronically file and serve thereon. | 1.10 | 187.00 |
| 03/09/05 | Breeden | Finalize, prepare proof of service for final fee application of Perisho Tombar, electronically file and serve thereon. | 0.90 | 153.00 |
| 03/23/05 | Breeden | Finalize Amended Fee Notice and electronically file same. | 1.20 | 204.00 |
| 03/23/05 | Breeden | Prepare final version of affidavit from servicing agent regarding amended notice of hearing and electronically file same. | 1.60 | 272.00 |
| 03/31/05 | Breeden | Finalize pleadings, prepare proof of service, serve and e-file First and Final Fee Application of Mohler Nixon et al. | 0.90 | 153.00 |
| 04/25/05 | Breeden | Finalize Order and e-file Fee Order of Perisho, Tombar and Loomis. | 0.60 | 102.00 |
| 04/25/05 | Breeden | Finalize Order and e-file Fee Order of Pillsbury Winthrop. | 0.60 | 102.00 |
| 04/25/05 | Breeden | Finalize Order and e-file Fee Order of Mohler Nixon. | 0.60 | 102.00 |

MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION

| | | | | |
|---|---|---|---|---|
| 06/01/05 | Breeden | Review Judge's fee application calendar and forward proposed dates to M. Houle. | 0.20 | 34.00 |
| 08/19/05 | Breeden | Prepare fee application memos to S. Urricarriet regarding e–filing and service of sixth interim fee application. | 1.00 | 170.00 |
| 08/19/05 | Houle | Conference with P. Breeden regarding filing and service of fee application. | 0.20 | 84.00 |
| 09/30/05 | Breeden | Prepare proof of service, serve, e-file and courtesy copy to chambers of Response to Stuart Maue regarding Pillsbury's Fifth Interim Fee Application, supporting declaration with exhibits. | 1.20 | 204.00 |
| | | **Subtotal** | **10.40** | **1,893.00** |
| | | **Retention of Professionals** | | |
| 04/20/05 | Breeden | Prepare proof of service to Supplemental Declaration Regarding Conflicts, serve and e-file with bankruptcy court. | 2.90 | 493.00 |
| 07/13/05 | Breeden | Finalize and prepare proof of service, serve and e-file Fourth Supplemental Disclosure Declaration. | 2.80 | 476.00 |
| 07/19/05 | Breeden | Research supporting employment declaration pleadings for M. Houle. | 0.80 | 136.00 |
| 07/26/05 | Houle | Draft correspondence to P. Breeden regarding filing of fifth supplemental conflicts declaration. | 0.20 | 84.00 |
| 07/27/05 | Breeden | Finalize declaration, prepare proof of service, serve and e-file fifth supplemental declaration of William Freeman. | 2.20 | 374.00 |
| | | **Subtotal** | **8.90** | **1,563.00** |
| | | **VIA/S3 Litigation** | | |
| 04/07/05 | Damonte | Assemble and e-file stipulation re: continuance of hearing on motions to dismiss. | 0.30 | 100.50 |
| 06/10/05 | Damonte | Arrange for service of and e-filing of Opposition to Dismiss. | 0.70 | 234.50 |
| 07/05/05 | Loran | Fax to A. Boro of aiding and abetting case law. | 0.20 | 102.00 |
| 07/06/05 | Damonte | Telephone call from Clerk's office re: transcript. | 0.30 | 100.50 |
| 07/15/06 | Damonte | E-file and arrange for service of same. | 0.30 | 100.50 |
| 07/19/05 | Loran | Email PDF's of August 2000 letters to VIA's counsel and O'Melveny attorneys, together with transmittal. | 0.20 | 102.00 |

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**

| 08/01/05 | Houle | PACER search regarding Trepton Group sale for D. Gershon deposition for Intel litigation. | 0.20 | 84.00 |
|----------|-------|---------------------------------------------------------------------------------------------|------|-------|
| 08/01/05 | Houle | File review regarding sale order regarding preparation for D. Gershon deposition for Intel litigation. | 0.80 | 336.00 |
| 08/02/05 | Houle | File review regarding Trepton Research Group purchase agreement regarding D. Gershon deposition for Intel litigation. | 0.20 | 84.00 |
| 08/09/05 | Houle | File review regarding best data purchase agreement for D. Gershon deposition. | 0.30 | 126.00 |
| 08/15/05 | Catz | Organizing documents to begin drafting responses to 120 document requests. | 3.50 | 1,067.50 |
| 09/03/05 | Loran | Organize and review working file documents to draft discovery requests. | 1.20 | 612.00 |
| 09/20/06 | Loran | Schedule telephone conferences with O'Melveny attorneys and Heller attorneys. | 0.20 | 102.00 |
| 09/30/05 | Loran | Send fax to VIA and S3 attorneys re: extension of time. | 0.40 | 204.00 |
|          |       | **Subtotal** | **8.80** | **3,355.50** |
|          |       | **TOTAL** |      | **10,925.00** |

The applicant asserts in its response to the audit report that the charges attributable to clerical services are minimal, and the tasks could not have been performed or delegated more efficiently. It submits that it is more efficient for a professional to perform a clerical task than for that professional to suspend an activity, delegate and supervise the administrative task, and then resume the professional activity. The court acknowledges that performing a clerical task uninterrupted is frequently more efficient than delegation; however, the professional is not entitled to bill the estate at a professional's hourly rate to perform that clerical task. The maxim prohibiting compensation from the estate for clerical services applies without regard to whether an attorney, a paralegal, or a legal secretary performs the task. For these reasons, fees in the amount of $17,748.40 incurred in connection with the performance of clerical services are disallowed.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

**F.** **The Court May Disallow Compensation for Participation by Multiple Attorneys in Conferences**

Unnecessary duplication of services results in excessive time that cannot be justified and is not compensable. § 330(a)(4). Normally, it is appropriate for only one attorney from a firm to attend a meeting, conference, or hearing. Absent an explanation, participation by multiple attorneys in the same meeting, conference, or hearing constitutes non-compensable duplicative services. Paragraph 16 of the court's Fee Guidelines provides that the court may allow compensation only for the professional with the lowest billing rate but not for the attorney with the higher billing rate.

The applicant has requested compensation for the services of more than one professional who participated in certain conferences. The time entries for these services are set forth below.

| Date | Time-Keeper | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| | | **Claims Administration/Objections** | | |
| 02/22/05 | Walker | Telephone conference with D. Reiss regarding claim objection process. | 0.20 | 86.00 |
| | | **Subtotal** | **0.20** | **86.00** |
| | | **VIA/S3 Litigation** | | |
| 02/07/05 | Loran | Prepare for and participate in telephone conference with O'Melveny attorneys in preparation for February 8 telephone conference with creditors' counsel. | 0.40 | 204.00 |
| 02/08/05 | Loran | Prepare for and participate in telephone conference with S. Uhland, D. Gershon, A. Boro, re: adversary proceeding issues. | 0.30 | 255.00 |
| 02/14/05 | Freeman | Participate in conference call with all hands regarding VIA and Intel. | 0.50 | 257.50 |
| 02/28/05 | Freeman | Participate in conference call with all parties regarding Intel negotiations. | 0.30 | 154.50 |
| 02/28/05 | Loran | Participate in telephone conference with creditors' counsel and O'Melveny re: Intel settlement strategy. | 0.30 | 153.00 |

13

| 03/21/05 | Boro | Telephone conference with D. Eberhart, S.Uhland, M. Powers of O'Melveny & Myers and T. Loran, A. Damonte and J. Catz of Pillsbury to discuss discovery coordination between adversary proceeding and cross-license motion and upcoming Rule 26 meeting in adversary proceeding. | 1.50 | 682.50 |
|---|---|---|---|---|
| 03/21/05 | Damonte | Conference call with O'Melveny regarding discovery and strategy issues. | 1.50 | 502.50 |
| 03/21/05 | Loran | Prepare for O'Melveny & Myers telephone conference and conference outside of office with A. Damonte, A. Boro, J. Catz re: same; participate in O'Melveny & Myers telephone conference. | 2.70 | 459.00 |
| 04/07/05 | Boro | Telephone conference with S. Uhland of O'Melveny and Myers and T. Loran regarding strategies in litigating adversary proceeding against VIA and joint ventures. | 0.50 | 227.50 |
| 04/07/05 | Boro | Participate in Rule 26(f) conference with attorneys for VIA and joint venture on initial disclosures, discovery schedule, and mediation. | 0.70 | 318.50 |
| 04/07/05 | Boro | Telephone conference with S. Uhland of O'Melveny and Myers and T. Loran regarding discovery proposals from Rule 26(f) conference with VIA and joint ventures. | 0.40 | 182.00 |
| 04/07/05 | Loran | Telephone call with A. Boro, S. Uhland, re: Rule 26(f) subjects. | 0.50 | 255.00 |
| 04/07/05 | Loran | Appear and participate in Rule 26(f) conference. | 0.70 | 357.00 |
| 04/07/05 | Loran | Telephone call with A. Boro, S. Uhland re: results of Rule 26(f) conference. | 0.40 | 204.00 |
| 04/26/05 | Loran | Appear at telephonic status call and prepare for same. | 0.30 | 153.00 |
| 05/02/05 | Barbarosh | Participate in all-hands conference call with O'Melveny & Myers to discuss VIA strategy. | 0.50 | 262.50 |
| 05/09/05 | Loran | Telephone call with Marcus Smith, A. Boro, S. Uhland re: letter to Intel. | 0.60 | 306.00 |
| 05/18/05 | Freeman | Telephone conference with Marcus Smith regarding VIA-Intel negotiations. | 0.40 | 206.00 |
| 05/26/05 | Barbarosh | Participate in conference call with O'Melveny & Meyers re litigation strategy. | 0.50 | 262.50 |
| 05/26/05 | Loran | Telephone conference with O'Melveny and creditors' attorneys re: Gibson proposal. | 0.50 | 255.00 |

14

MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION

| 06/03/05 | Loran | Telephone call with M/ Powers re: creation of joint database. | 0.20 | 102.00 |
| 07/29/05 | Loran | Prepare for and participate in telephone conference with A. Boro, O'Melveny attorneys re: Intel's Rule 30(b)(6) deposition of Sonicblue. | 0.70 | 357.00 |
| 08/09/05 | Loran | Prepare for and participate in telephone call with D. Gershon, A. Boro re: "books and records" issues, negotiations. | 0.70 | 357.00 |
| 08/11/05 | Loran | Conference outside of office with A. Boro, M. Smith, A. Wolfe and eight representatives of VIA and S3 to engage in settlement negotiations. | 5.30 | 2,703.00 |
| 08/17/05 | Barbarosh | Participate in all-hands call to discuss case. | 1.00 | 525.00 |
| 08/17/05 | Loran | Prepare for and participate in telephone conference with defense group. | 1.00 | 510.00 |
| 08/18/05 | Loran | Telephone call with S. Uhland and A. Boro re: contested matter discovery. | 1.00 | 510.00 |
| 08/31/05 | Loran | Telephone call with E. Slizewski and A. Boro re: September 15 settlement meeting. | 0.30 | 153.00 |
| 09/15/05 | Loran | Attend settlement conference, including client telephone calls. | 4.60 | 2,346.00 |
| 09/15/05 | Loran | Strategy post-meeting with respect to process for settlement. | 0.90 | 459.00 |
| 09/20/05 | Loran | Telephone call with A. Boro, M. Smith, S. Uhland, D. Eberhardt, re: settlement strategy. | 0.40 | 204.00 |
| 09/20/05 | Loran | Participate in part of telephone conference with VIA attorneys. | 0.30 | 153.00 |
| 09/21/05 | Loran | Telephone conference with VIA and O'Melveny attorneys and prepare for same. | 0.30 | 153.00 |
| 09/22/05 | Loran | Prepare for and participate in telephone conference with A. Boro, O'Melveny attorneys and VIA attorneys re: draft settlement term sheet. | 0.50 | 255.00 |
| 09/27/05 | Freeman | Participate in all-hands conference call with Committee and debtor representatives regarding VIA settlement terms. | 0.30 | 154.50 |
| 09/27/05 | Loran | Telephone conference with creditors re: VIA term sheet. | 0.30 | 153.00 |
| | | Subtotal | **31.30** | **14,751.50** |

For each of the foregoing entries, at least one other professional in the firm who has a lower billing rate participated in the same conference. Where the attorney with the lower billing rate billed fewer hours

15

to the conference than the attorney with the higher rate, the court has disallowed only the number of hours during which there was an overlap in services. The applicant explains that given the complexity of the issues, multiple attorneys are necessary to provide services across a broad spectrum of expertise, and they need to engage in some degree of coordination. However, it has failed to explain adequately the respective roles of the multiple attorneys participating in the various conferences or the necessity of their participation. In one instance, for example, as many as four attorneys participated in a conference, two of whom billed at an hourly rate in excess of $450. The fees attributable to these services total $14,837.50 and are disallowed.

**G.      Editing Time Records Is Not Compensable**

While time expended to prepare a fee application, including drafting the narrative, is compensable, time expended to review and edit time entries is not. Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional. In Re CF & I Fabricators of Utah, Inc., 131 B.R. 474, 485 (D. Utah 1991). The applicant incurred $15,448 in fees to review and edit its time records, which entries are set forth below. These services are not compensable from the estate.

| Date | Time-Keeper | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| | | **Compensation of Professionals** | | |
| 02/09/05 | Breeden | Review and edit time entries from October 2004 prebills relating to pending fee application. | 1.80 | 306.00 |
| 02/09/05 | Breeden | Review and edit time entries to November 2004 prebills relating to pending fifth interim fee application. | 2.20 | 374.00 |
| 02/14/05 | Breeden | Review and edit December 2004 prebills for pending fifth interim fee application. | 2.80 | 476.00 |
| 02/14/05 | Breeden | Edit and revise January prebills in preparation for fifth interim fee application. | 1.70 | 289.00 |
| 03/04/05 | Breeden | Edit time entries to finalize invoice for fifth interim fee application. | 0.80 | 136.00 |

16

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 03/07/05 | Breeden | Multiple edits to Exhibit A final invoice for exhibits and application. | 1.20 | 204.00 |
| 03/07/05 | Breeden | Correspond with C. Barbarosh regarding write offs and edits to time entries. | 0.50 | 85.00 |
| 03/07/05 | Breeden | Correspond with E. Van Dette regarding billing partner's requested edits to time entries. | 0.50 | 85.00 |
| 03/08/05 | Breeden | Analyze revisions to Exhibit "A" to fifth interim fee application and edit application pleading accordingly. | 3.20 | 544.00 |
| 03/08/05 | Breeden | Numerous correspondence with E. Van Dette regarding revised figures and invoice. | 0.60 | 102.00 |
| 03/08/05 | Breeden | Numerous correspondence with M. Houle regarding edits to time entries and revised figures. | 1.60 | 272.00 |
| 05/05/05 | Barbarosh | Review and analyze April 2005 prebill. | 0.40 | 210.00 |
| 06/01/05 | Breeden | Review, edit and revise time entries for February 2005 prebills. | 4.20 | 714.00 |
| 06/02/05 | Breeden | Review, edit and rewrite time descriptions of March 2005 prebills in anticipation of sixth interim fee application. | 4.20 | 714.00 |
| 06/02/05 | Breeden | Correspond with E. Van Dette regarding February and March prebills and time to be held for avoidance action matters. | 0.80 | 136.00 |
| 06/03/05 | Breeden | Commence review and editing of April 2005 time descriptions in preparation of pending fee application. | 2.00 | 340.00 |
| 06/06/05 | Houle | Review and revise billing invoices regarding preparation of 6th interim fee application. | 0.50 | 210.00 |
| 06/06/05 | Breeden | Assemble and prepare working copies of avoidance action time to be reviewed by M. Houle and M. Walker. | 1.00 | 170.00 |
| 06/06/05 | Breeden | Edit and re-write April 2005 time entries relating to sixth interim fee application. | 3.40 | 578.00 |
| 06/07/05 | Breeden | Commence review and edits to May 2005 prebills in preparation of pending sixth interim fee application. | 3.20 | 544.00 |
| 06/08/05 | Breeden | Edit and re-writes to May 2005 time entries in preparation of sixth interim fee application. | 2.60 | 442.00 |
| 06/09/05 | Breeden | Multiple correspondence with E. Van Dette regarding edits to time entries. | 1.00 | 170.00 |

17

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**

| 06/09/05 | Breeden | Continued edits and revisions to both fees and expenses on final invoice to sixth interim fee application. | 3.20 | 544.00 |
|---|---|---|---|---|
| 06/20/05 | Freeman | Review and revise time entries in support of 6th interim fee application. | 0.90 | 463.50 |
| 06/20/05 | Barbarosh | Review and revise fee statement for interim fee application. | 0.40 | 210.00 |
| 06/20/05 | Houle | Review and revise invoices for 6th interim fee application. | 0.50 | 210.00 |
| 06/21/05 | Houle | Review and revise timekeeper entries regarding sixth fee application. | 0.20 | 84.00 |
| 07/12/05 | Barbarosh | Review and analyze June, 2005 billing statement. | 0.50 | 262.50 |
| 08/04/05 | Breeden | Commence review and editing of June pre-bill. | 2.80 | 476.00 |
| 08/05/05 | Breeden | Review and edit July pre-bills in preparation of filing fee application. | 3.10 | 527.00 |
| 08/08/05 | Breeden | Assemble time entries for claims and avoidance action categories for review by M. Walker and M. Houle. | 1.20 | 204.00 |
| 08/08/05 | Breeden | Continue edits to June and July pre-bills. | 1.50 | 255.00 |
| 08/10/05 | Breeden | Review and revise prebills in preparation of filing sixth interim fee application. | 3.80 | 646.00 |
| 08/11/05 | Walker | Read prebills to confirm time correctly charged. | 0.30 | 129.00 |
| 08/11/05 | Walker | Four e-mails to H. Mayon regarding seeming error in time entry. | 0.30 | 129.00 |
| 08/11/05 | Breeden | Numerous correspond with N. Basco regarding edits to prebills in preparation of sixth interim fee application. | 1.20 | 2024.00 |
| 08/11/05 | Breeden | Review, revise and move time entries in preparation of sixth interim fee application. | 2.80 | 476.00 |
| 08/12/05 | Breeden | Correspond with N. Basco regarding numerous revisions to invoice for Sixth Interim Fee Application. | 0.60 | 102.00 |
| 08/23/05 | Freeman | Review and revise fee entries for Sixth Interim fee application. | 1.40 | 721.00 |
| 09/20/05 | Breeden | Edit time entries and prepare exhibit in support of response to Stuart Maue regarding fifth interim fee application. | 2.20 | 374.00 |
| 09/23/05 | Breeden | Review and edit time entries to September 2005 pre-bill in preparation of sixth interim fee application. | 4.20 | 714.00 |

18

MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION

| Date | Time-Keeper | Description | Hours | Amount |
|---|---|---|---|---|
| 09/28/05 | Breeden | Correspond with N. Basco and review and correct time entry of Sonicblue timekeeper for pending sixth interim fee application. | 0.60 | 102.00 |
| | | **TOTAL** | **70.10** | **15,448.00** |

## H.   Services Related to Prosecution of Avoidance Actions is Duplicative of Contingent Fee Arrangement

The applicant incurred fees of $740 in connection with services related to the pursuit of avoidance actions. However, these services are duplicative of those for which the court approved a contingent fee arrangement. Additional compensation for these services, the time entries for which are set forth below, is disallowed.

| Date | Time-Keeper | Description | Hours | Amount |
|---|---|---|---|---|
| | | **Business Operations** | | |
| 03/07/05 | Houle | Telephone conference with D. Reiss regarding procedures for preference litigation. | 0.20 | 84.00 |
| | | **Subtotal** | **0.20** | **84.00** |
| | | **Claims Administration/Objections** | | |
| 02/09/05 | Breeden | Research addresses for agents of service of process of defendants in preference claims. | 1.80 | 306.00 |
| 02/24/05 | Breeden | Correspond with client regarding additional information requested relating to preference claimants' contact information. | 0.30 | 51.00 |
| | | **Subtotal** | **2.10** | **357.00** |
| | | **Creditor Communications** | | |
| 06/06/05 | Houle | Telephone conference with E. O'Brien for 1350 regarding preference complaint. | 0.20 | 84.00 |
| | | **Subtotal** | **0.20** | **84.00** |
| | | **VIA/S3 Litigation** | | |
| 07/21/05 | Walker | Read and analyze J. Todd settlement documents to check for waiver of avoidance claims. | 0.30 | 129.00 |
| 07/21/05 | Walker | Advise Mr. Loran regarding effect of J. Todd settlement documents on avoidance claims. | 0.20 | 86.00 |
| | | **Subtotal** | **0.50** | **215.00** |

19

| | | | |
|---|---|---|---|
| | | **TOTAL** | **740.00** |

## I. Compensation for Services That Are Not Adequately Described is Disallowed Without Prejudice

The applicant bears the burden of describing the services performed in sufficient detail to enable the court to make a meaningful assessment whether those services were actual, necessary, and beneficial to the estate and whether they were performed within a reasonable amount of time. Paragraph 13 of the Fee Guidelines provides that the timekeeper must include in each time entry, at a minimum, descriptions of the services performed and the subject matter involved. To enable the court to determine whether the services are compensable, the timekeeper is also expected to identify the other party to the conference, meeting, telephone call, or correspondence. Where the time entry omits some critical element describing the services performed, it is not compensable. Time entries that contain such vague characterization of the services performed as "attention to" and "work on" fail to adequately describe the services provided. Consequently, the court is unable to determine whether the task is necessary and the compensation sought is reasonable. The table below identifies time entries in which the services are not adequately described. The fees attributable to these entries total $3,133 and are disallowed without prejudice.

| Date | Time-Keeper | Description | Hours | Amount |
|---|---|---|---|---|
| | | **Employee Benefits/Pension/KERP** | | |
| 02/11/05 | Partrick | Work on IRS filing in connection with 401(k) plan termination. | 0.70 | 157.50 |
| 02/18/05 | Webster | Attention to preparation of Form 5300 and related issues. | 0.20 | 91.00 |
| 03/09/05 | Partrick | Attention to costs incurred in connection with Diamond Plan notice and final distribution. | 0.40 | 90.00 |
| 03/14/05 | Webster | Attention to preparation of Diamond plan distributions and related issues. | 0.20 | 91.00 |
| 03/17/05 | Webster | Attention to missing participants and emails regarding same. | 0.20 | 91.00 |

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**

| 03/18/05 | Webster | Attention to finalizing Diamond distributions. | 0.20 | 91.00 |
|---|---|---|---|---|
| 03/21/05 | Webster | Attention to preparation for Diamond plan distributions and related issues. | 0.20 | 91.00 |
| 05/05/05 | Partrick | Work on 5310 application. | 0.40 | 90.00 |
| 05/1/0/05 | Webster | Attention to preparation of IRS determination letter application and review documentation regarding same. | 0.20 | 91.00 |
| 07/06/05 | Webster | Attention to correspondence and analysis of issues regarding Diamond Plan distributions and treatment of missing participants. | 0.30 | 136.50 |
| 07/08/05 | Webster | Attention to treatment of missing participants and correspondence regarding same. | 0.20 | 91.00 |
| 07/14/05 | Webster | Attention to preparation of revised letters to IRS and participants regarding Diamond distributions and related issues. | 0.30 | 136.50 |
| 07/28/05 | Webster | Attention to making distributions from SonicBlue 401(k) plan and related issues. | 0.20 | 91.00 |
| 08/10/05 | Webster | Attention to preparation of correspondence to participants and related Department of Labor guidance. | 0.60 | 273.00 |
| 09/12/05 | Partrick | Attention to determination letter for 401(k) plan termination. | 0.20 | 45.00 |
| 09/13/05 | Webster | Attention to preparation of determination letter application. | 0.20 | 91.00 |
| 09/19/05 | Webster | Attention to preparation of determination letter application and related notices. | 0.30 | 136.50 |
| | | **Subtotal** | **5.00** | **1,884.00** |
| | | **SEC Compliance** | | |
| 07/13/05 | Mayon | Attention to Form 8-K. | 0.25 | 76.25 |
| 09/09/05 | Mayon | Attention to Form 8-K. | 0.25 | 76.25 |
| | | **Subtotal** | **0.50** | **152.50** |
| | | **VIA/S3 Litigation** | | |
| 03/08/05 | Ragan | Attention to inquiry for Potshner matter history for OCC claim. | 0.10 | 55.00 |
| 06/01/05 | Damonte | Work on getting Rule 26(a) initial disclosures together. | 2.50 | 837.50 |
| 07/20/05 | Loran | Review S. Uhland email. | 0.10 | 51.00 |
| 08/29/05 | Loran | Review and respond to D. Gershon email. | 0.10 | 51.00 |

21

MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION

| Date | Time-Keeper | Description | Hours | Amount |
|---|---|---|---|---|
| 09/20/05 | Loran | Review A. Boro email to VIA attorneys; revise same. | 0.20 | 102.00 |
| | | **Subtotal** | **3.00** | **1,096.50** |
| | | **TOTAL** | | **3,133.00** |

## J.     Time Entries That Are Clumped Are Disallowed Without Prejudice

The clumping of disparate services in a single time entry renders problematic the court's review of the application. See In re Dutta, 175 B.R. 41, 46-47 (B.A.P. 9th Cir. 1994). It impedes the court's ability to determine whether each task was completed within a reasonable amount of time. Each discrete task should be separately described in its own time entry. See id. Paragraph 14 of the Fee Guidelines provides that if a number of separate tasks are performed in a single day, the application should disclose the time spent for each separate task. Numerous time entries in the application are not in conformity with Paragraph 14 of the Fee Guidelines. These entries totaling $9,225.50 are set forth below and are disallowed without prejudice.

| Date | Time-Keeper | Description | Hours | Amount |
|---|---|---|---|---|
| | | **VIA/S3 Litigation** | | |
| 02/07/05 | Damonte | Confer with A. Boro regarding discovery; revise memo regarding discovery and confer with A. Boro and T. Loran regarding discovery. | 2.20 | 737.00 |
| 02/09/05 | Damonte | Revise discovery memo; review Sonicblue files (discovery review) and confer with A. Boro regarding same. | 2.10 | 703.50 |
| 02/11/05 | Palarczyk | Responding to requests from Tom Loran e boxes from Marina Parks' office, meeting with Al Boro and Ana Damonte re review files for OMM, assisting Ana Damonte in review of files, processing documents for David Eberhart. | 4.00 | 800.00 |
| 02/14/05 | Palarczyk | Organizing and indexing boxes and files regarding Sonicblue and Intel issues, processing documents after review, responding to requests from Ana Damonte, searching for missing files. | 7.00 | 1,400.00 |

MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION

| | | | | | |
|---|---|---|---|---|---|
| 02/15/05 | Palarczyk | Meeting with Ana Damonte, review of boxes and files regarding Sonicblue and Intel issues, searching for missing files. | 5.50 | 1,100.00 |
| 02/17/05 | Palarczyk | Meeting with Ana Damonte; review files regarding VIA's claims an SB complaint. | 6.00 | 1,200.00 |
| 04/19/05 | Damonte | Draft opposition to motion to dismiss; consider issues re Case Management Conference statement and e-file same; submit Case Management Conference statement to chambers. | 2.70 | 904.50 |
| 04/27/05 | Damonte | Revise amended complaint; arrange for service of same and e-file same. | 1.50 | 502.50 |
| 07/15/05 | Loran | Edit, analyze and arrange filing of proposed second amended adversary complaint. | 1.10 | 561.00 |
| 08/15/05 | Damonte | Revise and e-file reply to VIA's counterclaim. | 0.80 | 268.00 |
| 08/16/05 | Damonte | Prepare and e-file stipulation re: JV Sub counter claim. | 0.40 | 134.00 |
| 09/14/05 | Catz | Gathering and reviewing documents in support of settlement meetings. | 3.00 | 915.00 |
| | | **TOTAL** | **36.30** | **9,225.50** |

**K.      Time Spent Performing Conflicts Check is Not Compensable**

Time expended by counsel in performing the firm's conflicts check is not chargeable to the bankruptcy estate.  In re Act Manufacturing, Inc., 281 B.R. 468, 490 (Bankr. D. Mass. 2002).  The applicant incurred fees in the amount of $2,124.50 during this application period to conduct the firm's conflicts check.  The time entries for these services are set forth below, and the fees are disallowed.

| Date | Time-Keeper | Description | Hours | Amount |
|---|---|---|---|---|
| | | **Compensation of Professionals** | | |
| 04/07/05 | Freeman | Review spreadsheets regarding Shaw Pittman clients that are potential creditors and edit declaration to Court regarding conflicts. | 0.70 | 360.50 |
| | | **Subtotal** | **0.70** | **360.50** |
| | | **Retention of Professionals** | | |

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**

| 04/01/04 | Houle | File review regarding preparation of conflicts declaration and notice of firm name change. | 0.30 | 126.00 |
|----------|-------|---------------------------------------------------------------------------------------------|------|--------|
| 04/04/05 | Houle | Analysis regarding Shaw Pittman conflicts regarding disclosure declaration. | 0.60 | 252.00 |
| 04/06/05 | Houle | Analysis regarding potential conflict for disclosure declaration of Pillsbury employment application. | 1.00 | 420.00 |
| 07/11/05 | Houle | Analysis regarding potential conflict with Synnex. | 0.80 | 336.00 |
| 07/19/05 | Houle | File review regarding supplemental disclosure of representation of DNNA. | 1.00 | 420.00 |
| 07/26/05 | Houle | Analysis regarding potential conflicts. | 0.20 | 84.00 |
| 09/01/05 | Houle | File review regarding potential conflict with Bergeson LLP. | 0.30 | 126.00 |
| | | **Subtotal** | **4.20** | **1,764.00** |
| | | **TOTAL** | | **2,124.50** |

## CONCLUSION

For the reasons set forth above, the court denies approval of fees in the amount of $65,321.40, $12,358.50 of which is denied without prejudice, and defers ruling on $10,723 of the fees requested in the sixth interim application by Pillsbury Winthrop. Taking into account the voluntary reductions by the applicant, the court allows interim compensation in the amount of $545,345.60 and expense reimbursement in the amount of $18,014.59.

Good cause appearing, IT IS SO ORDERED.

**\* \* \* END OF ORDER \* \* \***

Case No. 03-51775-MM

**SERVICE LIST**

CRAIG A BARBAROSH
PILLSBURY WINTHROP LLP
650 TOWN CENTER DRIVE 7TH FLOOR
COSTA MESA CA 92626-7122

RON BENDER
LEVENE NEALE BENDER RANKIN &
BRILL LLP
1801 AVENUE OF THE STARS STE 1120
LOS ANGELES CA 90067

JAMES P QUINN
LINDA K COOPER
STUART MAUE MITCHELL & JAMES
3840 MCKELVEY ROAD
ST LOUIS MO 63044

**MEMORANDUM DECISION AND ORDER ON SIXTH INTERIM APPLICATION**