Entered on Docket
May 04, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed May 04, 2007

_____
Marilyn Morgan
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**SONICBLUE INCORPORATED, DIAMOND MULTIMEDIA SYSTEMS, INC., REPLAYTV, INC., and SENSORY SCIENCE CORPORATION,**<br><br>Debtors. | Cases No. 03-51775, 03-51776, 03-51777, and 03-51778-MM<br><br>Chapter 11 cases<br>Jointly administered<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION OF SENIOR NOTEHOLDERS FOR CLARIFICATION, OR IN THE ALTERNATIVE, RECONSIDERATION** |

Let there be no doubt that the words and findings of my Memorandum Decision of March 26, 2007 were carefully selected to respond to the issues then before the court, which were whether to appoint a chapter 11 trustee pursuant to § 1104, whether to convert the case to chapter 7, and whether to disqualify counsel for the debtor. The findings made in support or denial of those motions must be understood in context. After considering the argument of counsel and the record before me, the motion for clarification, or in the alternative, reconsideration by Portside Growth & Opportunity Fund Ltd., Smithfield Fiduciary LLC, and Citadel Equity Fund Ltd. (previously described as the "senior debtholders," "senior bondholders" or "senior noteholders," but hereinafter "senior noteholders") is denied as explained below.

1

**1.  Noting a Distinction Between a Right to Payment and a Claim for Compensation, the Joint Venture Agreement Expressly Grants VIA a Claim for Compensation Upon Breach**.

Article 5.6(a) of the joint venture agreement expressly provides that both VIA and the joint venture are entitled to be compensated for damages resulting from loss of the Intel license.  The preamble to Article 5.6(a) reads in pertinent part that:  "If JV is Enjoined from Utilizing the Intel License . . . , then the following liquidated damages shall apply *to compensate JV and VIA for any and all losses they may suffer as a result thereof*. . . .  (Emphasis added.)  The senior noteholders conveniently omitted in their motion the phrase "to compensate JV and VIA for any and all losses they may suffer as a result thereof . . . ," replacing it with ellipses in a manner that is misleading to the reader.

Article 5.6(a) makes a distinction between the right to be compensated for losses suffered and the right to receive a distribution of damages for those losses.  While it provides that damages are *payable* to the joint venture, it states unambiguously that VIA, as well as the joint venture, is entitled to compensation for losses resulting from an inability to use the Intel cross-license.  As noted, the distinction is meaningful because the determination whether VIA is entitled to priority turns on whether it has a claim against SONICblue.  More importantly, whether VIA has a claim may affect the amount of the distributions to the senior noteholders absent subordination by VIA.

The term "claim" is broadly defined in § 101(5), is not limited to rights to payment, but includes rights to an equitable remedy for breach of performance.  In fact, VIA asserted a claim in this case. Modification of the decision at the senior noteholders' request for purposes of clarification on this point is unwarranted.

**2.  The Senior Noteholders Appear Not to Have Disclosed Significant Information to the Committee Notwithstanding its Unusually High Level of Involvement**.

The senior noteholders object to the characterization that they inserted themselves into the VIA litigation, that they had a hidden agenda, and that their counsel, Bruce Bennett, operated in the shadows.  However, it was not apparent until SONICblue's litigation counsel, Albert J. Boro, Jr., filed his declaration on March 5, 2007 that the senior noteholders were involved at the highest levels of strategy development and settlement negotiations in the VIA litigation.  Bennett was consulted with

2

**MEMO. DECISION AND ORDER ON MOTION FOR CLARIFICATION**
Case: 03-51775    Doc# 2279    Filed: 05/04/07    Entered: 05/04/07 15:34:30    Page 2 of 5

respect to proposed settlement terms even when committee counsel was not contacted. Yet, the senior noteholders were not a party to the VIA adversary proceeding and did not file their own objections to the claims of VIA and S3 Graphics. While standing to participate is not at issue, it is unusual for non-parties to be involved to the degree that the senior noteholders were.

At the disclosure statement hearing held January 23, 2007, it became apparent that the senior noteholders had not revealed to committee counsel, Ron Bender, that the VIA settlement contained a waiver by VIA of senior indebtedness status or that the waiver would directly benefit the senior noteholders, who were members of the committee. Based on the concerns of a taint raised by the claims traders, I directed Bender to conduct an investigation of the settlement negotiations and how the waiver provision was inserted into the VIA settlement. The following exchange highlights the problem:

> The Court: So you're saying that even at the time that the agreement was approved, the Committee was not aware of this provision?
>
> Mr. Bender: Not aware, not focused, or any of the like. Now I don't want to mislead the Court. It's my responsibility to read a document. The document does say that Via agrees that its claim is not senior indebtedness, but I would have no reason to focus on it being an important point.

Bennett, as counsel for the senior noteholders, attended the January 23 hearing by telephone. Thereafter, Bender filed a twenty-three page Preliminary Status Report on February 12, 2007 regarding his investigation. From reviewing that report, it does not appear that Bennett ever volunteered relevant information despite the ongoing investigation and Bender's active efforts to pursue answers. At a time when Bender was seeking transparency and making inquiries of other parties as to their motivations, Bennett and his clients did not come forward.

When further facts came to light on February 15, 2007 prompting the motions to appoint a chapter 11 trustee, to convert the case, and to disqualify debtor's general bankruptcy counsel, I set these motions for hearing on March 19, 2007. Bennett himself acknowledged on March 19 that the hearing was the first time that he had personally addressed the court in this case. Even then, however, Bennett did not reveal his role in securing the waiver provision that arguably benefitted his clients' interests at the expense of the unsecured creditor class. More significantly, Bennett apparently never disclosed to the committee or Bender the senior noteholders' potential conflict in connection with the subordination provisions of the senior indenture, of which Bennett was acutely aware. That debtor's counsel may have

3

**MEMO. DECISION AND ORDER ON MOTION FOR CLARIFICATION**

been aware of the subordination provision in the senior indenture and the waiver of senior status in the VIA settlement is of no moment for purposes of this motion for clarification. The appearance of concealment by the senior noteholders and Bennett was one of the grounds for the appointment of a trustee. For the reasons stated, the motion for clarification or reconsideration on this point is also denied.

At the hearing on this motion, much emphasis was placed on who knew what when, posturing for the benefit of the trustee, and putting spin on a bad situation. However, it is incumbent on all interested parties not to lose sight of the big issues necessary to move this case forward: what to do about the fact that there was no meaningful disclosure of the effect of VIA's waiver of priority, and how to revise the disclosure statement and plan in order to provide a reasonably prompt distribution to creditors. There will be time later to focus attention on the conduct of the attorneys and fiduciaries involved.

Good cause appearing, IT IS SO ORDERED.

**\* \* \* END OF ORDER \* \* \***

Case No. 03-51775-MM

**<u>SERVICE LIST</u>**

| | |
|---|---|
| CRAIG A BARBAROSH<br>PILLSBURY WINTHROP LLP<br>650 TOWN CENTER DRIVE 7TH FLOOR<br>COSTA MESA CA 92626-7122 | BRUCE BENNETT<br>HENNIGAN BENNETT & DORMAN LLP<br>865 SOUTH FIGUEROA ST SUITE 2900<br>LOS ANGELES CA 90017 |
| RON BENDER<br>LEVENE NEALE BENDER RANKIN & BRILL LLP<br>1801 AVENUE OF THE STARS STE 1120<br>LOS ANGELES CA 90067 | NANETTE DUMAS<br>OFFICE OF THE UNITED STATES TRUSTEE<br>280 SOUTH FIRST ST SUITE 268<br>SAN JOSE CA 95113-0002 |
| K JOHN SHAFFER<br>STUTMAN TRIESTER & GLATT PC<br>1901 AVENUE OF THE STARS 12TH FL<br>LOS ANGELES CA 90067 | BERNARD BURK<br>HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN<br>3 EMBARCADERO CENTER 7TH FLOOR<br>SAN FRANCISCO CA 94111-4024 |
| DENNIS J CONNOLLY<br>ALSTON& BIRD LLP<br>1201 WEST PEACHTREE STREET<br>ATLANTA GA 30309 | GRANT STEIN<br>ALSTON& BIRD LLP<br>1201 WEST PEACHTREE STREET<br>ATLANTA GA 30309 |
| CECILY A DUMAS<br>FRIEDMAN DUMAS & SPRINGWATER LLP<br>150 SPEAR STREET SUITE 1600<br>SAN FRANCISCO CA 94105 | |